IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER HENDERSON HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> BROWN, HATTEN, and INVESTIGATIONS RED LINING, <br><br> Defendants. | 8:20CV495 <br><br><br> MEMORANDUM AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is unintelligible. It seeks to sue "Brown" and "Hatten," whose job titles are "Handling and Disciplining Child Prostitutes," as well as a Defendant named "Investigations Redlining," whose job or title is "Traffic signs of (Watch Children)." (Filing 1 at CM/ECF p. 2.) Plaintiff requests $75,000 for "juvenile injuries" of being "tied to a bed and burned as discipline" and wants to relocate out of state. (*Id*. at p. 4.) The rest of the Complaint and two pieces of correspondence from Plaintiff (Filings 6, 7) are rambling descriptions of what Plaintiff labels "Domestic Relations of Human Trafficing [sic]" (Filing 6) and "cruel and unusual punishment." (Filing 7.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's Complaint and supplemental correspondence fail to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

Far from giving anyone fair notice of a claim against them, Plaintiff's Complaint and supplemental correspondence incoherently mention things like "the right of preferred sex of a female," "secret service code," "family held in female entrapment," and a "father in the family of 2 presidents of the United States" (Filing 6 at CM/ECF p. 1 (spelling and capitalization corrected)), as well as tales of individuals identified by first names only who, among other things, "had children by her cousin ½ insane," "had sex to the point of miscarriages when she got older," and was "forced to have sex with a guy who rape[d] her and she had a child full of disease." (Filing 7 at CM/ECF p. 5 (spelling and capitalization corrected).) In short, no federal claim is stated against anyone.

Although Plaintiff does not request leave to amend his Complaint, such leave shall not be granted sua sponte because any such amendment would be futile due to Plaintiff's failure to state a claim upon which relief can be granted. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure"). Accordingly,

IT IS ORDERED:

1. This case is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. Judgment will be entered by separate document.

DATED this 10th day of March, 2021.

                                              BY THE COURT:

                                              *Richard G. Kopf*

                                              Richard G. Kopf
                                              Senior United States District Judge